

Robert H. Green, Santa Ana, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Alan H. Friedman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, DUNIWAY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant, in a court trial, was convicted of violating 50 U.S.C. App. § 462, refusing induction into the Armed Forces. On appeal, he challenges the validity of the induction order on the ground, among others, that the local board failed to consider his post-induction order claim for conscientious objector's status.

Appellant's local board, on January 2, 1968, ordered him to report for induction on January 24, 1968. Not until January 22nd, did appellant submit his conscientious objector form, plus supporting material. The following day the board met, reviewed the file and refused to reopen because it did not "specifically find there has been any change in status resulting from circumstances over which you had no control." Appellant refused to step forward for induction on January 24th.

■■ We are committed to the rule that the burden of proof was on appellant to present a prima facie case showing that he was entitled to the requested classification. United States v. Uhl, 436 F.2d 773 (9th Cir. 1970) and Dugdale v. United States, 389 F.2d 482, 484 (9th Cir. 1968). This being a post-induction order claim, the appellant was also required to show a change in status after receipt of the induction order. Dugdale v. United States, *supra*. Here, not only did appellant fail to show any change in status, but, on the other hand, presented evidence which indicated his beliefs were long-standing. Consequently, under *Dugdale* and *Uhl*, the board lacked authority to reopen the classification.

Appellant's remaining contentions are not supported by the record.

Affirmed.

The **UNITED STATES** of America, for the Use and Benefit of **AUDLEY MOORE & SONS, INC.**, Plaintiff-Appellee,

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK** and **Clement Brothers Company, Inc.**, Defendants-Appellants.

**No. 30089.**

United States Court of Appeals, Fifth Circuit.

March 9, 1971.

Mike A. Hatchell, Tyler, Tex., for defendants-appellants; Tracy Crawford Ramey, Brelsford, Flock, Devereux & Hutchins, Tyler, Tex., of counsel.

John H. Minton, Jr., Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, Tex., for plaintiff-appellee; J. Kearney Brim, Sulphur Springs, Tex., of counsel.

Before GOLDBERG and DYER, Circuit Judges, and GROOMS, District Judge.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

## WHEELABRATOR CORPORATION, Plaintiff-Appellant,

v.

## James W. FOGLE and Southern Steel Shot, Inc., Defendants-Appellees.

### No. 30821

### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1971.

Richard Roob, New York City, John T. Guyton, Thomas J. Wyatt, Shreveport, La., for plaintiff-appellant.

Pike Hall, Jr., Arthur R. Carmody, Jr., Shreveport, La., Thomas J. Macpeak, Washington, D. C., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The court below refused to enjoin the defendants from using certain manufacturing processes claimed to be plaintiff's trade secrets in their operation of a new and similar manufacturing venture. The reported opinion contains a full discussion of the facts and law. 317 F. Supp. 633 (W.D.La.1970).

As the district court points out, this case is governed by the substantive law of Louisiana and its contours in this field are not well-defined. Standard Brands, Inc. v. Zumpe, 264 F. Supp. 254 (E.D.La.1967). Under the civil law of Louisiana, injunctive relief in such cases is equitable and discretionary. Louisiana Civil Code, Art. 21. *See* Standard Brands, Inc. v. Zumpe, *supra,* at n. 43, p. 271, and Young v. International Paper Co., 179 La. 803, 155 So. 231 (1934). The opinion in the case at bar was founded upon the correct concept of the rights of Wheelabrator Cor-

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; *see* Isbell Enterprises v. Citizens Cas. Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).